RECEIVED
IN ALEXANDRIA, LA.
APR 15 2010
TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JENNIFER LEAH WHITE** | : | **DOCKET NO. 07-1871** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **STATE FARM FIRE & CASUALTY COMPANY** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

This cause came for hearing on Tuesday, March 15, 2010 on the Motion *In Limine* to Exclude from Evidence the Report and Testimony of Plaintiff's Purported Expert, Charles R. Norman (doc. #48) filed by State Farm Fire and Casualty Company in the above captioned case. Present at the hearing were: James R. Nieset and Michael J. Williamson of the firm of Plauche, Smith & Nieset, and Adam Massey, of the firm of King Krebs & Jurgens, on behalf of State Farm Fire & Casualty Company, and Roberty C. McCorquodale, of counsel, to the firm of Stutes & Lavergne, on behalf of Leah White.

The Court, after reviewing the evidence, hearing the testimony of Charles R. Norman and argument of counsel granted, in part, and denied in part the motion in limine.

1). <u>Exclusion of Mr. Norman's Wind-Shifting Theory</u>

The Court finds Mr. Norman's wind-shifting opinion does not satisfy the scientific reliability requirements required by Federal Rule of Evidence 702 as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 596 (1993) and is consequently, excluded. Mr. Norman's wind-shifting opinion is predicated in part on contradictory data and in part on his application of the

reverse Enhanced Fujita scale. The wind shifting opinion of Mr. Norman is therefore excluded, except as to possible wind damage to the front porch.

2). <u>Mr. Norman's Tree Force Opinion</u>

The Court finds that Charles R. Norman lacks sufficient data to offer specific opinions regarding any equations and/or calculations regarding the precise mass of the trees and the resulting impact force. Mr. Norman will be allowed to testify in regard to general engineering principles and his opinions concerning the effect that the impact of a large tree may have on a house, including his observations of the shifting of supporting pillars which form the foundation of this house. He may also offer an opinion as to causation of the cracks in the sheet rock and chimney based upon an appropriate hypothetical question asking him to assume that said damage was not present prior to the Hurricane, if such hypothetical is based upon supporting evidence.

**IT IS HEREBY ORDERED** that the motion *In Limine* to Exclude from Evidence the Report and Testimony of Plaintiff's Purported Expert, Charles R. Norman filed by State Farm Fire and Casualty Company is hereby **GRANTED** in part, and **DENIED** in part, and that Charles R. Norman's testimony shall be limited as described herein.

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 15th day of April, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE